IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIDNEY DON JOHNSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1876-P |
| | § | |
| HUNT COUNTY JAIL | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings

and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Sidney Don Johnson, a former inmate in the

Hunt County Jail.[1] On October 20, 2008, plaintiff tendered a complaint to the district clerk and filed

an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his

pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court

granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written

interrogatories then were sent to plaintiff in order to obtain additional information about the factual

basis of this suit. Plaintiff answered the interrogatories on December 1, 2008. The court now

determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff is currently incarcerated in the Wayne Scott Unit of the TDCJ-CID.

## II.

On July 3, 2008, plaintiff sustained injuries to his back, neck, shoulder, and right ear while riding in a Hunt County Jail transport vehicle that ran a stop sign. According to plaintiff, his injuries were caused by the driver's failure to put a seat belt on him. By this action, plaintiff seeks unspecified damages and other relief.

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

   (1)    is frivolous or malicious;

   (2)    fails to state a claim on which relief can be granted; or

   (3)    seeks monetary relief against a defendant who is immune from
          such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against the Hunt County Jail--the only defendant named in his complaint. Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g. Taylor v. Dallas County Jail*, No. 3-06-CV-0289-K, 2006 WL 1348755 at *2 (N.D. Tex. May 17, 2006) (citing cases); *Hardemon v. Sims*, No. 3-06-CV-0297-K, 2006 WL 2668871 at *1 n.1 (N.D. Tex. Sept. 13, 2006) (Hunt County Jail not a proper defendant with jural existence). Plaintiff has the burden of showing that the Hunt County Jail has the capacity to be sued. *See Taylor*, 2006 WL 1348755 at *2. However plaintiff fails to allege or otherwise demonstrate that this defendant is a separate legal entity having jural authority. For that reason alone, dismissal is proper.

C.

Even if plaintiff named a proper defendant, he has failed to state a federal claim upon which relief can be granted. The gravamen of plaintiff's complaint is that the driver of the transport vehicle was negligent for running a stop sign and for not fastening plaintiff's seat belt. However, such a claim sounds in negligence and is not actionable under 42 U.S.C. § 1983. *See Ortega v. Romero*, 43 F.3d 1483 (Table), 1994 WL 708256 at *2 (10th Cir. Dec. 21, 1994) (allegation that police officer disobeyed traffic laws sounded in negligence); *Harmon v. Brooks County*, No. C-04-423, 2005 WL 2138091 at *6 (S.D. Tex. Aug. 31, 2005), *citing Domino v. Texas Dept. of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (same as to allegation that police officer failed to buckle seat belt of prisoner being transported in vehicle). Because plaintiff has failed to allege any other basis for federal subject matter jurisdiction, this case should be summarily dismissed.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE